Good morning. May it please the Court, please. Eric Roth, I represent a gentleman in New York. It's an honor for me to have time allotted to us. We have two issues that we would like to address. The first is whether the Baffin-Hackett California statute is issued here as it is required. It constitutes an unconstitutional sentence that we have to apply to the U.S. Constitution. The second issue is one that this Court asked the parties to address under the Fundamentals for the New York Council, and that is whether the Supreme Court case of Hackett v. Humphrey in 1994 applies. Help me with the conceptualization here. I find this case very confusing, difficult to get in logical order. His beef is that it's with the restitution, not with his custody, right? The restitution, there are two concerns. One is changing the percentage deducted each month, and the other is the applying restitution at all on the theory that there were victims when he says it's victimless. It is the first issue that appears on the appeal. Only raising the percentage. Correct. Counsel, doesn't Quarles v. Cain solve this matter? Didn't the Court already construe this regulation in the Penal Code section, rather? That is the case, Your Honor, that the state has had on completely in this case, as far as I can tell. Then why isn't that dispositive? I believe that case was wrongly decided. Well, that's another matter. So is that your argument, that Quarles was wrongly decided? Insofar as it is brought to bear by the plaintiff's case, yes. It was a little different in that case. I think it's wider a little bit, which is that the prisoner's stipulations became restitution. Okay. But here, you're aware of the fact that as a three-judge panel, we have no ability to overturn Quarles. Yes, sir. And on bond court, can, but we can't. Aren't we bound by that case? If it says what it says it does. Why is what the state says wrong about that case? Quarles said that the amendments didn't increase the amount of restitution. And that doesn't happen here either, did it? I mean, the amount, was it $10,000 that your client owes, right? Yes. Okay. Now, that amount didn't change, did it? It was just the wage deduction. And in Quarles, it increased from 20% to 50%. What's the difference between that and this case, other than the percentages? Well, the amount of restitution itself is an unclear phrase. But the same issue existed in Quarles, didn't it? Well, it appears so. Okay. So, again, I'm confused. You're saying Quarles is wrongly decided. Okay. You're certainly entitled to your opinion. But that's controlling law in the Ninth Circuit, unless it's overruled by an en banc decision. That case involved the very same penal code section. You have somebody that claimed the very same things you're doing. The amount has not changed. They just took more out. Same thing you're claiming. The court said it doesn't work. There's not a problem here. So why aren't you lost as far as Quarles is concerned? If that's the court's decision, then it's interpreted that way, which is why it affects this case. Counsel, help me on this. If I understood what you said before, we don't have to review whether restitution should have been imposed or $10,000 in restitution should have been imposed. All that's before us is increasing the percentage taken each month from the account. So it seems like what we would do is have a memorandum disposition, unpublished deposition, saying that's not additional punishment, so ex post facto doesn't apply under Quarles. We don't have to reach Hecht v. Humphrey or Rooker v. Feldman or any of these complicated things. And then you would have a shot at rehearing en banc on whether Quarles was wrong. That's what I was trying to say, Your Honor. Have I got that right? Yes, sir. Okay. Thanks. That really makes it clear to me. So are you giving up on the other issues, on Hecht and Rooker v. Feldman and so on? Well, no, I'd like to address Hecht briefly. Hecht was an unusual case because the prisoner there was suing for money damages, and yet his alimony to get to those was strictly based on his private conviction, as he claimed. So I believe Hecht really needs to be dealt with in a much more narrow way, which is to say that when money damages are pursued under 1983, and yet the theory of that claim calls into question the actual validity of the conviction, then the Hecht rule requirement may just, in other thoughts, come into play. But that's not what happens here. But don't you have another problem with a different case, and that one's Guerrero v. Gates, which seems to foreclose your argument in that area as well, doesn't it? I'm sorry, I'm not new to the area. It's 442 Fed Third 697. It seems that it's right on point as far as the Hecht issue is concerned. Well, I can only offer, in contrast, the Muhammad case. The Supreme Court interpreted Hecht 10 years later, in 2004. And what it said there, that was another prisoner case where, again, the prisoner was bringing a 1983 claim but was not contesting the actual validity of his conviction or the duration of his sentence. And the Muhammad court interpreted Hecht to say that when that is the case, that the prisoner has a colorable 1983 claim. And that's exactly the situation here. You're not trying to set aside the restitution order as part of the judgment. Okay. So that Hecht problem doesn't apply. That's the situation. It sounds like we're in Hecht because the district court dismissed it on the basis of Hecht. But really, Quarles would do the job without Hecht. Is that right? I think that might be true. But as this Court, you know, requested that we address Hecht. Sure. Oh, nobody's blaming you. And I think it's very clear that Hecht doesn't apply. Again, the Muhammad interpretation of it and the language of Hecht itself, you know, it refers to what's an unconstitutional sentence. And, again, because we're not contesting the actual original imposition of the restitution order, that that sentence is not what we're claiming is unconstitutional. It's the way that the ---- Hecht just doesn't want as much taken out of his paycheck every month as the government wants to do. Actually, it's a ---- essentially, yes, it's a prisoner trust account. His relatives put it in there. That's right. And they don't want to send it because it's going to be cut. That's right. And exactly right. It's going to be cut anyway, right now, but 20%, right? Up to ---- The original rule was 22% accounting the administrative fee. Now it's up to 55%. I guess from his view, it's kind of like raising your income tax rates from 20% to 55%. Yes, sir. You know, and this is the money that prisoners use to buy things in prison, you know, the toiletries and books and extra food and all the things that we take for granted. And, you know, these are the exact things that jailers take away from prisoners when they want to punish them, which is why that we assert that this does, in fact, constitute additional punishment. So I'll reserve the rest of my time. Thank you. May it please the Court. Jose Zeldon Cepeda, California Attorney General's Office, for Defendant Sandy McNiffy. I just wanted to start with what my colleague, Mr. Roth, basically said in answer to Judge Kleinfeld's question, that the Court doesn't have to reach the PEC issue if it finds that it does not have to decide whether the restitution order should have been imposed in the first place, and I'd submit that, as Judge Smith has pointed out, that the issue regarding California Penal Code 2085.5 has been clearly decided by Quarles v. Kane, so that takes care of that issue. Wait a minute. I think what you just said was that if we do reach the HEC issue, we have control and authority that would decide it in your favor. But I don't think you responded to the proposition that we do not have to reach the HEC issue. The challenge is only to raising the percentage, not to imposition of the restitution, and therefore, Quarles would control without regard to HEC or Rooker. Is that right? I was a little bit confused by that as well. I saw that in the opening. Saying, yeah, I owe $10,000, no problem. I don't claim before you that I don't owe $10,000. What I claim before you is you can take $0.20 out of the dollar like you used to for my prison funds, but you can't start taking $0.55 out of every dollar in my prison funds because that's additional punishment. It's just like what's done to a prisoner when this behaves. And Quarles says, no, it isn't. And that would control, that would dispose of the case. Am I missing something there? No, no, that's my understanding, Your Honor. To the extent that plaintiff's position is that he's not challenging the original restitution order, but instead the subsequent changes to 2085.5, that that is foreclosed by Quarles v. Cain. In terms of the HEC issue, I don't know if the Court wants me to go ahead and talk about that issue. I was ready to discuss it in light of the Court's order asking the parties to brief that issue. Please address it. In HEC v. Humphrey, the Court talked about the hoary principle that civil court actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. Now, as we just discussed, to the extent that the challenge is only to the additional, the additional deductions from Mr. Glassage's inmate trust account, then there is no HEC challenge. I mean, there is no HEC issue because those later deductions do not call into question the validity of the original punishment. I'm trying to figure out. That's where I start getting confused in this case. He's not challenging his custody, so I don't think habeas applies. He's not challenging the criminal judgment that was imposed. It's hard for me to see how HEC has anything to do with anything. I think part of the confusion, Your Honor, is that my reading of the district court's order and Plaintiff's pro se complaint did challenge the restitution order, and therefore the district court held two different things. That to the extent that the challenge seemed to be different there. Correct. But now, since my understanding is that Plaintiff's decision is that the challenge is solely to the additional deductions under the changes to the statute, to that extent, I think that HEC would not apply because those are not challenges to the conviction or the sentence. What's the government's position on Rooker-Feldman? As I read it, it seems like Glassage is asking the court, or asking us to order the district court to interpret applicable California statutes and regulations and determine whether the district court's application was right or wrong. Isn't that what we have here? Yes, Your Honor. I think that Rooker-Feldman would also bar this claim because it's tantamount to Mr. Glassage asking this court to sit as a court of appeals in the state court criminal judgment. We just did not brief that issue because the HEC issue was complicated enough as it is. And the state court interpreted a state statute in making this determination, right? Correct. And it does not appear that that was ever challenged in the state court, which we submit to the court would have been the appropriate forum for that. In terms of the quarrels issue, it seems like the court is pretty comfortable with that. I just wanted to point out that the particular distinction raised in Mr. Glassage's reply brief was not the basis for deciding the case, that there was no indication by the court that the particular stipulation mentioned in that case was the reason why the claim was foreclosed, but instead that there was no ex post facto challenge. And if there are no more questions, I'll just go ahead and submit. Thank you, counsel. Thank you. I would just add one point briefly for the record as far as the relationship between restitution and punishment. One thing that ultimately I believe we will have to decide is whether the time value of money is significant here. Taking a dollar from me today costs me more than taking it from me next year. And this statute accelerates the money extracted from the prisoner and on that basis constitutes additional punishment. And I'm suggesting our banking system should be indicted. Something we've all been reading about a lot lately, Your Honor, yes. Thank you. Thank you, counsel. Glassage v. San Diego Superior Court is submitted. We'll hear Botello v. Gamble.
judges: Kleinfeld, Smith M., Siler